WK:VAZ
F. #2021R00339

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT AND COMPLAINT |
| - against - | IN SUPPORT OF AN <u>ARREST WARRANT</u> |
| THOMAS WESTON, | (T. 18, U.S.C., § 922(g)(1)) |
| Defendant. | No. 21-M-564 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

      DEBRA LAWSON, being duly sworn, deposes and states that she is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

      On or about March 4, 2021, within the Eastern District of New York, the defendant THOMAS WESTON, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a black Smith & Wesson .40-caliber semi-automatic Glock 35 Gen4 pistol, and ammunition, to wit: .40-calber ammunition manufactured by Smith & Wesson.

      (Title 18, United States Code, Section 922(g)(1))

      The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of

1. As a Detective with the NYPD, I have been involved in the investigation of numerous cases relating to the recovery of firearms and ammunition.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation described; from my review of the investigative file; and from reports of other law-enforcement agents involved in the investigation. Unless specifically indicated, I report in this affidavit only in substance and part the contents of documents and the actions, statements, and conversations of others.

3. On or about March 4, 2021, at approximately 3:01 a.m., NYPD officers arrived at the front of a multi-family apartment building at 1284 Saint Johns Place, Brooklyn, New York 11213, responding minutes after NYPD ShotSpotter technology reported shots fired across the street. Based on my training and experience, I know that ShotSpotter technology pinpoints the sound of gunfire with real-time locations.

4. When the first NYPD vehicle arrived, the only person officers saw on the street was THOMAS WESTON, who was picking up cartridge casings from the sidewalk in front of the apartment building described above. When WESTON noticed the vehicle, he approached it, used both hands to quickly open his jacket and sweater in a suspicious manner, exposed his torso, and stated that "they were shooting."

5. An NYPD officer inspected the defendant THOMAS WESTON for weapons and recovered five Smith & Wesson .40-caliber ammunition cartridge casings from his pocket. NYPD also recovered two additional such cartridge casings on the sidewalk where WESTON was standing.

---

which I am aware.

6. Based on my training and experience, I know that when a firearm is discharged, the shell casing containing the bullet is expelled from the firearm's chamber and drops to the floor as the bullet is shot. Based on my conversation with an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the recovered shell casings were manufactured outside the State of New York.

7. While securing the scene, NYPD recovered a black Smith & Wesson .40-caliber semi-automatic Glock 35 Gen4 pistol (the "Glock Pistol") on a staircase in the first-floor lobby of 1284 Saint Johns Place. Based on my conversation with an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, the Glock Pistol was manufactured outside the State of New York.

8. DNA analysis performed on the Glock Pistol revealed that the DNA of the defendant THOMAS WESTON was on the front and back straps and the side grips of the firearm.

9. Laboratory analysis performed on the cartridge casings discovered in WESTON's pocket and on the sidewalk where he was standing indicates that they were fired by the Glock Pistol.

10. Street-camera surveillance footage also showed that in the minutes after the shooting and before the defendant THOMAS WESTON was seen picking up cartridge casings, WESTON had been walking in and out of 1284 Saint Johns Place.

11. I have reviewed the criminal history records of the defendant THOMAS WESTON and have determined that he has one prior conviction for second-degree attempted robbery, in violation of New York Penal Law ("Penal Law") § 160.10, a Class D felony punished by a term of imprisonment of more than one year. He also has one prior conviction of

second-degree attempted criminal possession of a loaded firearm outside his home or business, in violation of Penal Law § 265.03, a Class D felony punished by a term of more than one year. Furthermore, WESTON has one prior conviction for third-degree criminal possession of a loaded firearm, in violation of Penal Law § 265.02, a Class D felony punished by a term of imprisonment of more than one year.

12. WESTON also served more than one year in prison for at least one of the convictions described above.

WHEREFORE, your deponent respectfully requests that the Court issue an arrest warrant for the defendant THOMAS WESTON so that he may be dealt with according to law.

/s/ Debra Lawson
_____
DEBRA LAWSON
Detective, New York City Police Department

Sworn to before me by reliable electronic means  by telephone
this 7th day of May, 2021

_____
THE H
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK